IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BILLY OXFORD, Individually and On Behalf of All Others Similarly Situated | § § § § § | |
| VS. | § § § | NO. 4:13-CV-00301 |
| CRUDE ESSENTIALS, LLC; HARGROVES OIL & GAS, LLC; CURTIS HARGROVES; CRISTI HARGROVES; CRUDE OIL & GAS ESSENTIALS, LLC and AKIS DIMITRI JORDANOU | § § § § § § | |

### DEFENDANTS' FIRST AMENDED ORIGINAL ANSWER

**COMES NOW** Crude Essentials, LLC, Hargroves Oil & Gas, LLC, Curtis Hargroves, and Cristi Hargroves, collectively referred to herein as "Defendants" and in response to Plaintiffs' First Amended Complaint ("Amended Complaint") responds as follows:

1. With respect to paragraph 1 of the Amended Complaint, said allegations, Defendants admit the first sentence of paragraph 1. Defendants deny the second sentence of paragraph 1 as an incorrect summation of the legislative history of the applicable statute. Defendants otherwise admit the second sentence of paragraph 1.

2. Defendants deny any violation of the Fair Labor Standards Act ("FLSA") in calendar year 2012 and for any claims asserted by a Plaintiff more than two years after the alleged wage violation allegedly took place. With respect to the remainder of the

allegations in paragraph 2 of the Amended Complaint, Defendants, after reasonable inquiry and diligence presently lacks sufficient knowledge or information to form a belief about the allegations of paragraph 2, and they are therefore denied. Defendants are continuing to gather and review records to investigate these contentions and the factual basis of Plaintiffs' Amended Complaint as well as any applicable exemptions. Moreover these allegations are completely unfounded with respect to Hargroves Oil & Gas, LLC and Cristi Hargroves who had nothing to do with the employees or payments in question. Defendants will amend this response once it has sufficient opportunity to thoroughly investigate these allegations.

3. With respect to paragraph 3 of the Amended Complaint, Defendants admit that Plaintiffs are attempting to bring this action under Section 216(b) of the FLSA but otherwise denies the contentions in said paragraph.

4. With respect to paragraph 4 of the Amended Complaint, without admitting to the validity of Plaintiffs' claims, which are denied, Defendants otherwise admit the allegations in paragraph 4.

5. With respect to paragraph 5 of the Amended Complaint, Defendants admit the allegations in paragraph 5.

6. With respect to paragraph 6 of the Amended Complaint, Defendants admits Mr. Oxford is a resident of Parker County. With respect to the allegations in the second sentence of paragraph 6, Defendants specifically deny that Mr. Oxford and any similar situated Plaintiffs were engaged in commerce or in the production of goods for commerce in 2012 within the meaning of the FSLA. Otherwise with respect to the remaining allegations in paragraph 6, Defendants are continuing to gather and review records to

investigate these contentions and the factual basis of Plaintiffs' Amended Complaint as well as any applicable exemptions. Moreover the allegations in paragraph 6 are completely unfounded with respect to Hargroves Oil & Gas, LLC and Cristi Hargroves who had nothing to do with the employees or payments in question. Defendants will amend this response once it has sufficient opportunity to thoroughly investigate this matter.

7. With respect to paragraph 7 of the Amended Complaint, Defendants admit the allegations in paragraph 7.

8. With respect to paragraph 8 of the Amended Complaint, Defendants admit the allegations in paragraph 8.

9. With respect to paragraph 9 of the Amended Complaint, Defendants admit the allegations in paragraph 9.

10. With respect to paragraph 10 of the Amended Complaint, Defendants admit the allegations in paragraph 10.

11. With respect to paragraph 11 of the Amended Complaint, Defendants admit the allegations in paragraph 11.

12. With respect to paragraph 12 of the Amended Complaint, Defendants admit the allegations in paragraph 12.

13. With respect to paragraph 13 of the Amended Complaint, said paragraph constitutes the general summary of the Plaintiffs' views of vicarious liability theories in this case and does not require a specific response. At the same time, Defendants deny the allegations in paragraph 13 of the Complaint.

14. With respect to paragraph 14 of the Amended Complaint, Defendants admit that Crude Essentials, LLC performed mud logging services. Otherwise the allegations in paragraph 14 are otherwise denied.

15. With respect to paragraph 15 of the Amended Complaint, Defendants admit that Plaintiff was employed from approximately the spring of 2010 through May 18, 2012, by Crude Essentials, LLC as a mud logger. Otherwise, the allegations in paragraph 15 of the Complaint are denied.

16. With respect to paragraph 16 of the Amended Complaint, Defendants deny the allegations in paragraph 16. The job description provided is essentially that of a mud engineer as opposed to a mud logger.

17. With respect to paragraph 17 of the Amended Complaint, Defendants admit that some mud loggers sometimes work in excess of 40 hours per week but otherwise deny the allegations in paragraph 17.

18. With respect to paragraph 18 of the Amended Complaint, Defendants, after reasonable inquiry and diligence presently lacks sufficient knowledge or information to form a belief about the allegations of paragraph 18, and they are therefore denied. Defendants are continuing to gather and review records to investigate these contentions and the factual basis of Plaintiffs' Amended Complaint as well as any applicable exemptions. Moreover the allegations in paragraph 18, are completely unfounded with respect to Hargroves Oil & Gas, LLC and Cristi Hargroves who had nothing to do with the employees or payments in question. Defendants will amend this response once it has sufficient opportunity to thoroughly investigate these allegations.

19. With respect to paragraph 19 of the Amended Complaint, Defendants deny the first sentence of said paragraph and admit the allegations in the second sentence of said paragraph.

20. With respect to paragraph 20 of the Amended Complaint, Defendants, after reasonable inquiry and diligence presently lacks sufficient knowledge or information to form a belief about the allegations of paragraph 20, and they are therefore denied. Defendants are continuing to gather and review records to investigate these contentions and the factual basis of Plaintiffs' Amended Complaint as well as any applicable exemptions. Moreover the allegations in paragraph 20, are completely unfounded with respect to Hargroves Oil & Gas, LLC and Cristi Hargroves who had nothing to do with the employees or payments in question. Defendants will amend this response once it has sufficient opportunity to thoroughly investigate these allegations.

21. With respect to paragraph 21 of the Amended Complaint, Defendants admit the allegations in said paragraph.

22. With respect to paragraph 22 of the Amended Complaint, the allegations in said paragraph constitute a legal contention or summary of law, to which no response is required. Nevertheless, Defendants deny same.

23. With respect to paragraph 23 of the Amended Complaint, the allegation as phrased is incomplete or nonsensical. Defendants, after reasonable inquiry and diligence presently lacks sufficient knowledge or information to form a belief about the allegations of paragraph 23, and they are therefore denied. Defendants are continuing to gather and review records to investigate these contentions and the factual basis of Plaintiffs' Amended Complaint as well as any applicable exemptions. Moreover the allegations in

paragraph 23, are completely unfounded with respect to Hargroves Oil & Gas, LLC and Cristi Hargroves who had nothing to do with the employees or payments in question. Defendants will amend this response once it has sufficient opportunity to thoroughly investigate these allegations.

24. With respect to paragraph 24 of the Amended Complaint, Defendants deny same.

25. With respect to paragraph 25 of the Amended Complaint, Defendants, after reasonable inquiry and diligence presently lacks sufficient knowledge or information to form a belief about the allegations of paragraph 25, and they are therefore denied. Defendants are continuing to gather and review records to investigate these contentions and the factual basis of Plaintiffs' Amended Complaint as well as any applicable exemptions. Moreover the allegations in paragraph 25 are completely unfounded with respect to Hargroves Oil & Gas, LLC and Cristi Hargroves who had nothing to do with the employees or payments in question. Defendants will amend this response once it has sufficient opportunity to thoroughly investigate these allegations.

26. With respect to paragraph 26 of the Amended Complaint, denied as to any claim allegedly attributable to 2012 wages. Moreover, Defendants, after reasonable inquiry and diligence presently lacks sufficient knowledge or information to form a belief about the allegations of paragraph 26, and they are therefore denied. Defendants are continuing to gather and review records to investigate these contentions and the factual basis of Plaintiffs' Amended Complaint as well as any applicable exemptions. Moreover the allegations in paragraph 26 are completely unfounded with respect to Hargroves Oil & Gas, LLC and Cristi Hargroves who had nothing to do with the employees or payments in

question. Defendants will amend this response once it has sufficient opportunity to thoroughly investigate these allegations.

27. With respect to paragraph 27 of the Amended Complaint, Defendants deny said allegation

28. With respect to paragraph 28 of the Amended Complaint, Defendants admit said allegations.

29. With respect to paragraph 29 of the Amended Complaint, Defendants deny said allegations.

30. With respect to paragraph 30 of the Amended Complaint, Defendants deny said allegations.

31. With respect to paragraph 31 of the Amended Complaint, Defendants deny said allegations.

32. With respect to paragraph 32 of the Amended Complaint, Defendants deny said allegations.

33. With respect to paragraph 33 of the Amended Complaint, Defendants deny said allegations.

34. With respect to paragraph 34 of the Amended Complaint, this paragraph is simply a re-statement of previous provisions in the Amended Complaint and Defendants would refer Plaintiffs to the responses to the previous 33 paragraphs in response to this paragraph – said responses to the previous 33 paragraphs are incorporated herein by reference. Defendants specifically deny that Plaintiff has correctly stated all facts set forth in the Amended Complaint and thus the allegations in paragraph 34are denied.

35. With respect to paragraph 35 of the Amended Complaint, Defendants, after reasonable inquiry and diligence presently lacks sufficient knowledge or information to form a belief about the allegations of paragraph 35, and they are therefore denied. Defendants are continuing to gather and review records to investigate these contentions and the factual basis of Plaintiffs' Amended Complaint as well as any applicable

exemptions. Moreover the allegations in paragraph 35 are completely unfounded with respect to Hargroves Oil & Gas, LLC and Cristi Hargroves who had nothing to do with the employees or payments in question. Defendants will amend this response once it has sufficient opportunity to thoroughly investigate these allegations.

36.     With respect to paragraph 36 of the Amended Complaint, Defendants, after reasonable inquiry and diligence presently lacks sufficient knowledge or information to form a belief about the allegations of paragraph 36, and they are therefore denied. Defendants are continuing to gather and review records to investigate these contentions and the factual basis of Plaintiffs' Amended Complaint as well as any applicable exemptions. Moreover the allegations in paragraph 36 are completely unfounded with respect to Hargroves Oil & Gas, LLC and Cristi Hargroves who had nothing to do with the employees or payments in question. Defendants will amend this response once it has sufficient opportunity to thoroughly investigate these allegations.

37.     With respect to paragraph 37 of the Amended Complaint, Defendants, after reasonable inquiry and diligence presently lacks sufficient knowledge or information to form a belief about the allegations of paragraph 37, and they are therefore denied. Defendants are continuing to gather and review records to investigate these contentions and the factual basis of Plaintiffs' Amended Complaint as well as any applicable exemptions. Moreover the allegations in paragraph 37 are completely unfounded with respect to Hargroves Oil & Gas, LLC and Cristi Hargroves who had nothing to do with the employees or payments in question. Defendants will amend this response once it has sufficient opportunity to thoroughly investigate these allegations.

38. With respect to paragraph 38 of the Amended Complaint, Defendants, after reasonable inquiry and diligence presently lacks sufficient knowledge or information to form a belief about the allegations of paragraph 38, and they are therefore denied. Defendants are continuing to gather and review records to investigate these contentions and the factual basis of Plaintiffs' Amended Complaint as well as any applicable exemptions. Moreover the allegations in paragraph 38 are completely unfounded with respect to Hargroves Oil & Gas, LLC and Cristi Hargroves who had nothing to do with the employees or payments in question. Defendants will amend this response once it has sufficient opportunity to thoroughly investigate these allegations.

39. With respect to paragraph 39 of the Amended Complaint, Defendants, after reasonable inquiry and diligence presently lacks sufficient knowledge or information to form a belief about the allegations of paragraph 39, and they are therefore denied. Defendants are continuing to gather and review records to investigate these contentions and the factual basis of Plaintiffs' Amended Complaint as well as any applicable exemptions. Moreover the allegations in paragraph 39 are completely unfounded with respect to Hargroves Oil & Gas, LLC and Cristi Hargroves who had nothing to do with the employees or payments in question. Defendants will amend this response once it has sufficient opportunity to thoroughly investigate these allegations.

40. With respect to paragraph 40 of the Amended Complaint, after reasonable inquiry and diligence Defendants presently lacks sufficient knowledge or information to form a belief about the allegations of paragraph 40, and they are therefore denied.

41. With respect to paragraph 41 of the Amended Complaint, this paragraph is simply a re-statement of previous provisions in the Amended Complaint and Defendants would

refer Plaintiffs to the responses to the previous 40 paragraphs in response to this paragraph – said responses to the previous 40 paragraphs are incorporated herein by reference. Defendants specifically deny that Plaintiff has correctly stated all facts set forth in the Amended Complaint and thus the allegations in paragraph 41 are denied.

42. With respect to any claim attributable to wages in 2012, the allegation in paragraph 42 are denied. With respect to the remaining allegations in paragraph 42 of the Amended Complaint, Defendants, after reasonable inquiry and diligence presently lacks sufficient knowledge or information to form a belief about the allegations of paragraph 42, and they are therefore denied. Defendants are continuing to gather and review records to investigate these contentions and the factual basis of Plaintiffs' Amended Complaint as well as any applicable exemptions. Moreover the allegations in paragraph 42 are completely unfounded with respect to Hargroves Oil & Gas, LLC and Cristi Hargroves who had nothing to do with the employees or payments in question. Defendants will amend this response once it has sufficient opportunity to thoroughly investigate these allegations.

43. With respect to paragraph 43 of the Amended Complaint, Defendants, after reasonable inquiry and diligence presently lacks sufficient knowledge or information to form a belief about the allegations of paragraph 43, and they are therefore denied. Defendants are continuing to gather and review records to investigate these contentions and the factual basis of Plaintiffs' Amended Complaint as well as any applicable exemptions. Moreover the allegations in paragraph 43 are completely unfounded with respect to Hargroves Oil & Gas, LLC and Cristi Hargroves who had nothing to do with

the employees or payments in question. Defendants will amend this response once it has sufficient opportunity to thoroughly investigate these allegations.

44. With respect to paragraph 44 of the Amended Complaint, Defendants, after reasonable inquiry and diligence presently lacks sufficient knowledge or information to form a belief about the allegations of paragraph 44, and they are therefore denied. Defendants are continuing to gather and review records to investigate these contentions and the factual basis of Plaintiffs' Amended Complaint as well as any applicable exemptions. Moreover the allegations in paragraph 44 are completely unfounded with respect to Hargroves Oil & Gas, LLC and Cristi Hargroves who had nothing to do with the employees or payments in question. Defendants will amend this response once it has sufficient opportunity to thoroughly investigate these allegations.

45. With respect to paragraph 45 of the Amended Complaint, Defendants deny same.

46. With respect to paragraph 46 of the Amended Complaint, this paragraph constitutes the Plaintiffs request for jury trial and does not require a response.

## AFFIRMATIVE DEFENSES

47. Pleading further by means of affirmative defense, Hargroves Oil & Gas, LLC, and Cristi Hargroves are improperly named as a Defendant in this lawsuit and had absolutely nothing to do with the wage dispute in question.

48. Defendants assert that with respect to any FSLA claims, in the calendar year 2012, Defendants are exempt from any such claims during that year as the gross receipts of Defendant Crude Essentials, LLC was far below $500,000.00. Thus with respect to 2012, Defendants were not an employer engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. See 29 U.S.C. §203(s)(1)(A)(ii).

49. Pleading further by means of affirmative defense, Defendants assert legal payment as a defense for all alleged claims which arose in 2012.

50. Pleading further by means of affirmative defense or avoidance, Defendants assert that the Plaintiffs were no longer employed by Crude Essentials, LLC as of May 18, 2012.

51. Pleading further by affirmative defense, Defendants assert that with respect to Mr. Oxford and any other claimants who elect to join this action, their claims are barred, in whole or in part by the applicable statute of limitations. By way of explanation, for instance Mr. Oxford went to work for the company in 2010 and yet he did not assert the claims specified in this case until May 30, 2013. Defendants specifically plead that their alleged misconduct was not willful and therefore the two year statute of limitations is applicable. Thus Defendants assert that the claims of Mr. Oxford are barred by limitations with respect to any claim concerning alleged wages owed prior to May 30, 2011. With respect to any other individuals who join this action their claims are barred for any claim with respect to wages more than two years from the date of their joinder in this action. See 29 U.S.C. §255(a).

52. Pleading further by affirmative defense, Defendants assert that their conduct was not willful with respect to the matters in question and Plaintiff is not entitled to liquidated damages.

53. Pleading further by affirmative defense and avoidance, Defendants assert that Plaintiffs are not entitled to pursue their claims under both the FLSA and Texas Labor Code as to do so could, in theory, result in a duplicative recovery.

54. Pleading further by affirmative defense and avoidance, Defendant assert that Cristi Hargroves had nothing to do with the day to day operations and financial management, payroll or bookkeeping of Crude Essentials, LLC and thus is improperly joined as an individual Defendant in this case.

**WHEREFORE PREMISES CONSIDERED** Defendants Crude Essentials, LLC, Hargroves Oil & Gas, LLC, Curtis Hargroves, and Cristi Hargroves respectfully request that upon final trial hereof that a take nothing judgment be entered with respect to the Defendants, that the Defendants be awarded their court costs and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

HAYNIE RAKE REPASS & LOWRY, P.C.
14643 Dallas Parkway, Suite 550
Dallas, Texas 75254
Phone: 972/716-1855
Telecopy: 972/716-1850

By: \s\ Brad Repass
Brad Repass
State Bar No. 16786700

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2013, a true and correct copy of the above has been sent via either Electronic Mail or Certified Mail Return Receipt Requested to the following:

Melissa Moore
Moore & Associative
440 Louisiana Street
Suite 675
Houston, Texas 77002

\s\ Brad Repass
Brad Repass